UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-146-FDW
(3:15-cr-73-FDW-DCK-1)

| | |
|---|---|
| JIMMY LEE WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I.  BACKGROUND

Petitioner pled guilty in the underlying criminal case to two counts of conspiracy to defraud the United States and one count of money laundering and aiding and abetting. (3:15-cr-73, Doc. Nos. 19, 22, 24). The Court sentenced him to a total of 105 months' imprisonment. (3:15-cr-73, Doc. No. 40). Petitioner raised a single claim of ineffective assistance of counsel on direct appeal. The Fourth Circuit affirmed on November 21, 2016, because the record did not conclusively establish that counsel had provided ineffective assistance. United States v. Williams, 670 Fed. Appx. 795 (4th Cir. 2016).

Petitioner filed the instant § 2255 Motion to Vacate on February 18, 2018. He raises claims of ineffective trial counsel, ineffective appellate counsel, prosecutorial misconduct, and trial court error. The petition does not address the timeliness and the Court ordered him to do so by June 4, 2018. (Doc. No. 3). Rather than complying, Petitioner filed Motions to stay these proceedings and for an extension of time to file an Amended § 2255 Motion to Vacate. (Doc. Nos. 2, 4). On June

1

6, 2018, the Court denied the Motion to stay and granted Petitioner 20 days to file his Amended § 2255 Motion to Vacate. (Doc. No. 6). The time for filing an Amended § 2255 Motion to Vacate has now expired.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Limitations**

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction and sentence became final on August 22, 2014, when the time for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 Fed. Appx. 294, 295-96 (4th Cir. 2011). The one-year period to file a § 2255 petition expired a year later on August 22, 2015, and the instant petition was filed more than two and a half years late on March 26, 2018. Therefore, the petition is untimely pursuant to § 2255(f)(1).

Petitioner's reliance on § 2255(f)(3) and Mathis v. United States, 136 S.Ct. 2243 (2016), is misplaced. Mathis did not announce a new rule of constitutional law and has not been declared retroactive by the United States Supreme Court. See Walker v. Kassell, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactively applicable on collateral review); Bennett v. United States, 2017 WL 2198343 at *4 (W.D.N.C. May 18, 2017) (citing Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) ("Mathis has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law."); United States v. Taylor, 672 Fed. Appx. 860, 864 (10th Cir. Dec. 6, 2016) (unpublished) ("Mathis did not announce a new rule.")); see also In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because the movant failed to make a prima facie showing that Mathis set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); In re Conzelmann, 872 F.3d 375, 376–77 (6th Cir. 2017) (same).

Moreover, Mathis was decided on June 23, 2016, so even if it was retroactive, the renewed one-year period of limitation would have expired on June 23, 2017. See Dodd v. United States, 545 U.S. 353, 357 (2005) (one-year limitation period under § 2255(f)(3) runs from date on which Supreme Court initially recognized the right asserted, not from date on which the right asserted

was made retroactively applicable). Thus, applying the later trigger date set forth in § 2255(f)(3), Petitioner's § 2255 Motion to Vacate was untimely filed more than nine months beyond the one-year limitation period under § 2255(f)(3).

Petitioner's claim that he is actually innocent of his career offender sentence does not excuse him from the one-year statute of limitations. There is an "actual innocence" exception to certain procedural bars to habeas review where, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986) (emphasis added). "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 569 U.S. 383, 393 (2013). To make such a showing, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995).

The Fourth Circuit has declined to extend the reasoning of McQuiggin, in which the petitioner claimed actual innocence of his crime of conviction, to the sentencing context. United States v. Jones, 758 F.3d 579 (4th Cir. 2014); see also Sandlain v. English, 714 Fed. Appx. 827, 831 (10th Cir. 2017) (possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence). Therefore, Petitioner's claim that he is actually innocent of the career offender enhancement under Mathis does not except him from the one-year statute of limitations.

Liberally construing the § 2255 Motion to Vacate, it appears that Petitioner may be arguing that ineffective assistance of counsel was an extraordinary circumstance that justifies equitable

4

tolling of the one-year statute of limitations. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Assuming *arguendo* that counsel could be deemed ineffective for failing to raise the Mathis claim, Petitioner has failed to demonstrate he pursued his rights diligently by raising his claim within a year of Mathis' issuance. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999) (refusing to toll limitation where prisoner received delayed notice of the statute imposing a one-year statute of limitations where he waited an additional 322 days to complete his § 2254 petition after learning of the limitations period).

The instant § 2255 Motion to Vacate is time-barred, no exception applies, and this petition is dismissed with prejudice.

**(2)** **Merits**

Petitioner's claims also fails on the merits. A defendant is a career offender if: (1) he was at least 18 years old at the time of the instant offense; (2) the instant offense is a felony crime of

5

violence or controlled substance offense; and (3) he has at least two other prior felony convictions for a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a). A "crime of violence" is any felony that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Petitioner argues that the instant offense of conviction, and two of his predicate offenses do not qualify as "crimes of violence" under the Guidelines, that § 4B1.2 is unconstitutionally vague, and that trial and appellate counsel were ineffective. These claims will be addressed in turn.

First, Petitioner argues that the instant offense of conviction – armed bank robbery – does not categorically qualify as a "crimes of violence" because the statute is broader than the generic definition of robbery.

Armed bank robbery under § 2113(d) has four elements: (1) the defendant took, or attempted to take, money belonging to or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation;" (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. United States v. McNeal, 818 F.3d 141 (4th Cir. 2016). The first three elements of armed bank robbery are drawn from § 2113(a) and define the lesser-included offense of bank robbery. The fourth element is drawn from § 2113(d). McNeal, 818 F.3d at 141.

6

The Fourth Circuit held in McNeal that armed bank robbery under § 2113(d) is a crime of violence under § 924(c)'s[1] force clause because it includes the element that property must be taken by force and violence, or by intimidation. See also United States v. Davis, 915 F.2d 132 (4th Cir. 1990) (bank robbery under 2113(a) is a crime of violence under § 4B1.2's force clause). Although McNeal was issued before Mathis, and addresses § 924(c) rather than 4B1.1, its conclusion remains sound. See United States v. Ellison, 866 F.3d 32 (1st Cir. 2017) (bank robbery under § 2113(a) is categorically a crime of violence under the career offender force clause); United States v. Brewer, 848 F.3d 711 (5th Cir. 2017) (same); United States v. McBride, 826 F.3d 293 (6th Cir. 2016) (same); United States v. Campbell, 865 F.3d 853 (7th Cir. 2017) (same); United States v. Harper, 869 F.3d 624 (8th Cir. 2017) (same).

Second, Petitioner contends that the Guidelines' "violent physical force" element is unconstitutionally vague. (Doc. No. 2 at 3). The Supreme Court has held that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017). Therefore, Petitioner's vagueness challenge is meritless.

Third, Petitioner contends that he no longer has the two requisite prior convictions to qualify for the career offender enhancement because North Carolina common law robbery and Hobbs Act robbery do not categorically qualify as violent felonies.

---

[1] A "crime of violence" for purposes of § 924(c)(1) is an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

Petitioner does not challenge his predicate conviction for burning an unoccupied building and malicious use of explosive damage to property, so he needs only one additional prior conviction for a felony crime of violence to support his career offender sentence.

Petitioner's conviction for North Carolina common law robbery, case number 00CRS10024, provides a second prior conviction in support of his career offender sentence because it categorically qualifies as generic robbery. United States v. Gattis, 877 F.3d 150 (4th Cir. 2017) (North Carolina common law robbery categorically qualifies as 'robbery,' as that term is used within § 4B1.2(a)(2)….").

Fourth, Petitioner alleges that trial and appellate counsel were ineffective for failing to raise these sentencing issues at sentencing and on direct appeal. Counsel can be deemed ineffective for failing to anticipate new legal arguments or raise meritless claims. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."); United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (an attorney cannot be labeled ineffective for failing to anticipate a change in the law).

Therefore, the instant § 2255 Motion to Vacate is dismissed with prejudice as time-barred and, even if it was timely, it would be denied on the merits.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred and, alternatively, denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 8, 2018

Frank D. Whitney
Chief United States District Judge